DOUCET, Judge.
The plaintiff-relator, Southwest Louisiana Electric Membership Corporation, seeks supervisory writs from an order of the Fifteenth Judicial District Court, the Honorable John Rixie Mouton presiding, ordering plaintiff-relator to produce a plat indicating the precise location of all structures to be placed on a servitude sought to be expropriated.
The plaintiff-relator in these consolidated cases petitioned the Fifteenth Judicial District Court for a servitude for the transmission of electricity over and across properties belonging to the defendants, including the right to enter upon and erect, construct, extend, maintain, inspect, replace, remove and relocate within said servitude three lines of wood, metal, or other type of structures, with the right to replace one structure with another type at any time with conductors, wires, cross-arms, guy wires, conduits, stubs and the other usual fixtures for transmission of electricity, together with all foundations, anchors and braces to support same, along with all rights of ingress and egress for the full and complete use, occupation and enjoyment of the servitude. Named as defendants were Durwood Duck, Rebecca Ann Duck, Robert Benjamin Duck and Dora Louise Duck Bertrand.
The object of the suits, which have been consolidated, is to obtain from the defendants a servitude for the transmission of electricity in order to connect SLEMCO’s existing transmission line, located 2.4 miles south of Erath, to the Erath Power Center which is located 3 miles west of SLEMCO’s existing transmission line. In making this connection the transmission line will pass through and across the defendant’s property-
Trial of the expropriations were originally fixed for March 29, 1982, but were continued upon a motion by the defendants. Defendants in their motion alleged that the relator had failed to produce for inspection a copy of the plans and specifications for the construction of the electric lines and supporting piers which the plaintiff plans to place upon defendant’s property. The respondent further asserted that the damages to defendants’ properties cannot properly be assessed without knowing the size, location and placement of the supporting piers on the defendants’ respective properties.
Defendant subsequently filed a motion to produce requesting that the relator, SLEM-CO, be ordered to produce the construction plans and specifications relating to the proposed construction across defendants’ property, showing thereon the exact size, type, number, position, placement and other spe- *40 ciñe information pertaining to said construction for inspection and copying by the defendants. SLEMCO objected to defendants’ motion to produce for the following reasons:
a) The location of such structures is not properly at issue in an expropriation proceeding;
b) The drawings and plats which the trial judge has ordered that plaintiff produce do not exist at this time;
c) In an expropriation proceeding it is the location of the route to be expropriated which must be considered by the trial court and not the location of every object to be laid upon that route;
d) It would be unduly burdensome to require an expropriating authority to predetermine the precise location of every object which will be placed upon a servitude route over the lifetime of the servitude, and the plaintiff, Southwest Louisiana Electric Membership Corporation is not required by Louisiana Expropriation Law to make such a determination;
e) The defendant in this matter will be compensated with the market value of the route expropriated regardless of the location of each individual object to be placed upon servitude.
A hearing on the motion to produce was held on April 26, 1982 culminating with the order of which applicant complains which requires plaintiff-relator to furnish mover “plats and drawings within ten (10) days indicating the exact location of any and all structures to be placed on the servitude sought to be expropriated.”[1]
Thereafter, plaintiff sought to invoke this court’s supervisory jurisdiction.
Plaintiff-relator contends that the trial court erred in ordering the production of plats showing the exact location of the structures that the relator plans to construct on the property expropriated.
LSA R.S. 19:2(7) grants the power to expropriate needed property and states in pertinent part the following:
“(7) Any domestic or foreign corporation created for the purpose of generating, transmitting and distributing electricity and steam for power, lighting, heating, or other such uses. The generating plants, buildings, transmission lines, stations, and substations expropriated or for which property was expropriated shall be so located, constructed, operated, and maintained as not to be dangerous to persons or property nor interfere with the use of the wires of other wire using companies or, more than is necessary, with the convenience of the landowners; ...” (Emphasis ours)
The trial court construed the provision above quoted to require that the structures to be constructed within the right of way be located so as not to interfere more than is necessary with the convenience of the landowner. In our opinion, this construction is erroneous. In our view, the statute above quoted insofar as it requires that “. . . transmission lines ... be so located ... as not to . . . interfere . . . more than is necessary, with the convenience of the landowners ... ” has reference to the route to be expropriated rather than to the location of each and every improvement to be placed within the servitude area during the life of the servitude.
It was established at trial of the motion to produce that SLEMCO is not in a position to determine or furnish precise locations of structures to be erected within the servitude area until such time as the right of way or servitude for the entire route has been secured and construction is *41 commenced. The record reflects in this connection that the location of the structures on one landowner’s property will determine the location of the structures on the adjoining landowners’ properties, in that the structures are spaced 600' apart. A party to a law suit may not be ordered to produce evidence which such party does not possess.
In opposition to the writ applied for herein respondent cites Louisiana Power and Light Co. v. Caldwell, 360 So.2d 848 (La. 1978). However our reading of the case reveals the court’s concern to be consideration of the landowner’s convenience in route selection, or location of the right of way, not the location of specific improvements erected thereupon. A contrary rule would require resort to court whenever the slightest repair, removal or relocation of the poles, etc. is necessitated by a change in soil conditions, damage to facilities, technological improvements, or unexpected developments in related expropriation proceedings pertaining to adjacent servitudes. Our research has revealed no case on point requiring the specific disclosures requested.
We conclude that relator is not required to furnish plats and drawings indicating the exact location of structures to be placed within the servitude area. Accordingly, the order of the trial court dated April 29,1982 to such effect is reversed and set aside and the respondent’s motion to produce such plats or drawings is dismissed.
Writ granted and made peremptory:
The order of the trial court ordering plaintiff-relator to produce a plat indicating the location of all structures to be placed upon a servitude to be expropriated is vacated. The case is hereby remanded to the district court for further proceedings according to law.

. The record reflects that defendants have been furnished with a survey showing the location of the servitude for the transmission line as it traverses their properties; the exact width of the servitude; and, a schematic drawing reflecting the nature, size etc. of the structures to be placed within the servitude area. At oral argument counsel for relator indicated that defendants have been furnished with information as to the distance between structures, i.e., 600', and that not more than one of such structures will be placed within the servitude area as it traverses defendants’ properties.